Gerald L. Warren, OSB #814146
gwarren@geraldwarrenlaw.com
901 Capitol St. NE
Salem, OR  97301
   Telephone:  (503) 480-7252
   Fax: (503) 779-2716
      Attorney for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| LOREN and VALERIE KRUESI, | Case No. 6:14-cv-01465-TC |
| Plaintiffs, | |
| v. | **DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |
| LINN COUNTY, a municipal corporation; and BRUCE DAVIS; DAVID SNIPPEN; and RICK CAMPBELL, individuals in their individual capacities, | **(Request for Jury Trial)** |
| Defendants. | |

For their Answer to plaintiffs' Third Amended Complaint, defendants admit, deny and allege as follows:

1.

In response to paragraph 1, admit that plaintiffs were residents of Jefferson, Oregon. Except as so admitted, deny.

2.

In response to paragraphs 2 and 3, admit defendant Linn County ("County") is a political subdivision of the State of Oregon, that Linn County Sheriff's Office is a department of the

Page 1 – **DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

County, and that Deputy Davis and Detectives Snippen and Campbell were at all material times working within the course and scope of their employment with the County. Except as so admitted, deny.

3.

In response to paragraphs 4 and 5, these are plaintiffs' jurisdictional and venue allegations to which no response is required.

4.

In response to paragraph 6, admit plaintiff Loren Kruesi owns property at 35871 Jefferson Scio Drive in Jefferson, Oregon and that plaintiff Kruesi grows marijuana on the property and the plaintiffs were issued Oregon Medical Marijuana Program ("OMMP") cards. Except as so admitted, deny.

5.

In response to paragraphs 7, 8, 9, and 10, admit defendants flew over plaintiff Loren Kruesi's property and photographed the area including mature marijuana plants growing on the north side of Jefferson Scio Drive and further admit that the OMMP Coordinator was contacted regarding the subject property, and the address 35871 Jefferson Scio Drive was listed as a marijuana grow site for 11 patients. Except as so admitted, deny.

6.

In response to paragraphs 11, 12, 13 and 14, admit defendants executed a lawfully issued Search Warrant at 35871 Jefferson Scio Drive and that Loren Kruesi was arrested. Except as so admitted, deny.

7.

In response to paragraph 15, marijuana contraband was destroyed that was determined illegal and not authorized but except as so admitted, deny the allegations.

8.

In response to paragraph 16, following Judge Murphy's ruling on a Motion to Suppress, the State of Oregon moved to dismiss charges against Mr. Kruesi. Except as so admitted, deny the allegations.

9.

In response to paragraph 17, reallege and admit and deny as alleged above in response to paragraphs 1 through 16.

10.

Deny paragraphs 18 and 19.

11.

In response to paragraph 20, admit and deny as alleged above in response to paragraphs 1 through 19.

12.

Deny paragraphs 21, 22 and 23.

13.

In response to paragraph 24, admit and deny as alleged above in response to paragraphs 1 through 23.

14.

Deny paragraphs 25 and 26.

15.

In response to paragraph 27, admit and deny as alleged above in response to paragraphs 1 through 26.

16.

Deny paragraphs 28, 29 and 30.

17.

In response to paragraph 31, admit and deny as alleged above in response to paragraphs 1 through 30.

18.

Deny paragraphs 32, 33 and 34.

19.

In response to paragraph 35, admit and deny as alleged above in response to paragraphs 1 through 34.

20.

Deny paragraphs 36, 37, 38, 39 and 40.

FOR A FIRST AFFIRMATIVE DEFENSE, defendants allege:

(Failure to State a Claim)

21.

Plaintiffs' Complaint fails to state facts sufficient to constitute a claim for relief for one or more of the claims asserted.

//////

//////

//////

FOR A SECOND AFFIRMATIVE DEFENSE, defendants allege:

(Qualified Immunity)

22.

All of the individually-named defendants are entitled to qualified immunity from any constitutional claims in that their conduct did not violate any clearly-established law and their actions were objectively reasonable under the circumstances.

FOR A THIRD AFFIRMATIVE DEFENSE, defendants allege:

(Probable Cause)

23.

Defendants had probable cause to search and arrest persons on the property alleged in plaintiffs' Second Amended Complaint and to arrest under Oregon law when plaintiff Loren Kruesi was determined out of compliance with the OMMA provisions.

FOR A FOURTH AFFIRMATIVE DEFENSE, defendants allege:

(Contraband)

24.

Plaintiffs' manufacture and possession of contraband in violation of federal law was a crime not protected from arrest by the U.S. Constitution nor did plaintiffs have any right to have the contraband returned.

FOR A FIFTH AFFIRMATIVE DEFENSE, defendants allege:

(Statute of Limitations)

25.

Plaintiffs' sixth claim is barred by the applicable statute of limitations.

WHEREFORE, having fully responded to plaintiffs' Third Amended Complaint, defendants pray for Judgment in their favor and against plaintiffs along with an award of costs and attorney fees as the prevailing parties in this matter.

DATED this 9th day of January, 2015.

              /s/ Gerald L. Warren
              Gerald L. Warren, OSB #814146
              Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT on:

    Kristen Chambers
    Kirklin Thompson & Pope LLP
    1000 SW Broadway, Ste. 1616
    Portland, OR 97205-3035
        Attorney for Plaintiffs

by the following indicated method or methods:

[X] by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

[ ] by **faxing** a copy thereof to each attorney at each attorney's last-known facsimile number on the date set forth below;

[ ] by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to each attorney's last-known office address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below;

[ ] by causing a copy thereof to be **hand-delivered** to said attorney at each attorney's last-known office address listed above on the date set forth below;

[ ] by sending a copy thereof via **overnight courier** in a sealed, prepaid enveloped, addressed to each attorney's last-known address on the date set forth below.

    DATED this 9th day of January, 2015.

                                          /s/ Gerald L. Warren
                                   Gerald L. Warren, OSB #814146
                                   Attorney for Defendants