Kristen Chambers OSB 130882
Kirklin Thompson & Pope LLP
1000 SW Broadway, Suite 1616
Portland, OR 97205-3035
(503) 222-1640
kristen@ktp-law.com

Attorneys for Plaintiffs Loren and Valerie Kruesi

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| *Loren and Valerie Kruesi,* individuals,<br><br>Plaintiffs,<br><br>*v.*<br><br>*Linn County,* a municipal corporation; and<br><br>*Bruce Davis; David Snippen; and Rick Campbell,* individuals in their individual capacities,<br><br>Defendants. | Case No. 6:14-cv-01465-TC<br><br>**Plaintiffs' Fifth Amended Complaint**<br><br>Fourth Amendment Violations, Fourteenth Amendment Violations, *Monell* Violations.<br><br>DEMAND FOR JURY TRIAL |

**Parties**

1.

At all material times, Plaintiffs Mr. and Mrs. Kruesi were residents of Jefferson, Oregon and patients protected by the Oregon Medical Marijuana Act (OMMA).

2.

Defendant Linn County is a municipal corporation, organized under the laws of the State of Oregon, with the capacity to be sued. Linn County Sheriff's Office (LCSO) is a department or division of the County. The County is responsible under state law for the torts of its employees acting within the course and scope of their employment.

3.

At all material times, Defendants Deputy Bruce Davis, Detective David Snippen,

and Detective Rick Campbell were working under color of law for Linn County as members of LCSO. They are sued in their individual capacities.

**Jurisdiction and Venue**

4.

This Court has jurisdiction over Plaintiffs' claims of violations of federal constitutional rights under 28 USC §§ 1331 and 1343.

5.

Venue is proper in the District of Oregon under 28 USC § 1391(b) in that one or more Defendants reside in this district and all of the events giving rise to this claim occurred in this district.

**Statement of Facts**

6.

Mr. Kruesi owns property in Jefferson, Oregon containing three residences, in one of which Mr. and Mrs. Kruesi reside. In 2012, the property contained two farms legally growing medical marijuana for multiple patients under the Oregon Medical Marijuana Program (OMMP), one of which was administered by Mr. Kruesi.

7.

On August 30, 2012, Defendants overflew Mr. Kruesi's property and photographed 87 marijuana plants growing thereon.

8.

On September 6, 2012, Defendant Davis asked OMMP for the number of patients for whom Mr. Kruesi's property and other properties in the County, were authorized to grow marijuana plants. An OMMP employee responded that according to OMMP's database, Mr. Kruesi's property was authorized to grow for 11 patients, allowing for 66 mature plants, but their data entry was approximately 5 weeks behind.

9.

Patients with pending applications are protected by the OMMA. Mr. Kruesi's property included plants for 4 such patients on the date of Defendant Davis' inquiry. It was a legal site for 15 patients (11 accepted and 4 pending), allowing for 90 mature plants.

**Plaintiffs' Fifth Amended Complaint**
Page 2

10.

Notwithstanding his knowledge that OMMP's database was weeks behind, Defendant Davis made no attempt to ascertain whether any of the additional plants were authorized under state law. Instead, he executed an affidavit using the outdated and incomplete information from OMMP's database along with boilerplate information omitting the legal protections afforded pending applicants, and obtained a search warrant listing only one of the three residences on Mr. Kruesi's property.

11.

On September 12, 2012 around 12:00pm, LCSO employees including Defendants Davis, Snippen, and Campbell, executed the search warrant, but refused to permit Mr. Kruesi to examine it when he asked to do so.

12.

The officers learned upon entering the property that there was more than one residence on the property.

13.

Within minutes of their arrival, Mr. Kruesi provided Defendants with the OMMP paperwork authorizing 90 mature plants. At 12:20pm, Defendant Davis called OMMP and confirmed that information was accurate.

14.

Notwithstanding their knowledge that the warrant was invalid, Defendants conducted a search of Mr. Kruesi's property for up to nine hours.

15.

The officers seized 13 medical marijuana plants under Mr. Kruesi's care. They destroyed 9 of the plants almost immediately and dried and harvested the other 4 plants. Defendants failed to properly store or preserve the usable marijuana from the plants, eliminating the possibility of its return to Mr. Kruesi in an acceptable condition.

16.

Charges were brought against Mr. Kruesi, but, on July 9, 2014, at the State's request, all charges against Mr. Kruesi were dismissed.

**Plaintiffs' Fifth Amended Complaint**
Page 3

**First Claim for Relief:**
**42 USC § 1983 Fourth Amendment Unreasonable Search And Seizure Claim**
**Based on Material Omission from Warrant Affidavit**
*By Plaintiffs Loren and Valerie Kruesi against Defendants Davis and Snippen*

17.

All preceding paragraphs are incorporated by reference herein.

18.

Acting under color of law, Defendants Davis and Snippen recklessly or knowingly excluded material information from the search warrant affidavit regarding Mr. Kruesi's property including the effect of pending applications on the legality of marijuana possession and whether OMMP had pending applications for the plants being grown on Mr. Kruesi's property, and the altitude of the helicopter used to observe and photograph the marijuana plants. If Defendants Davis and Snippen had included these omissions, the affidavit would not have established the probable cause necessary to obtain a warrant to search Mt. Kruesi'sproperty.

19.

As a result of these omissions, Mr. and Mrs. Kruesi suffered economic and noneconomic damages.

**Second Claim for Relief:**
**42 USC § 1983 *Monell* Unreasonable Search And Seizure Claim**
**Based on a Policy, Custom, or Practice that Violates the Fourth Amendment**
*By Plaintiffs Loren and Valerie Kruesi against Defendant Linn County*

20.

All preceding paragraphs are incorporated by reference herein.

21.

Defendant Linn County's sheriff's office maintained an unofficial policy, custom, or practice of seeking search warrants without adequate investigation and disclosure of facts affecting probable cause, such as the reliability and accuracy of information obtained from OMMP and its impact on the legality of marijuana possession.

**Plaintiffs' Fifth Amended Complaint**
Page 4

KIRKLIN THOMPSON & POPE LLP
1000 SW Broadway, Suite 1616, Portland, OR 97205-3035
(TEL) 503-222-1640   (FAX) 503-227-5251   www.ktp-law.com

22.

Mr. and Mrs. Kruesis' Fourth Amendment rights were violated when Defendant Davis and Defendant Snippen, pursuant to Linn County's custom, policy, or practice, recklessly or knowingly failed to adequately investigate and include material information in the search warrant affidavit for 35871 Jefferson Scio Drive.

23.

To remedy this violation, the Kruesis seek economic and noneconomic damages as well as equitable relief.

### Third Claim for Relief:
### 42 USC § 1983 *Monell* Unreasonable Search And Seizure Claim
### Based on a Failure to Train that Violates the Fourth Amendment
*By Plaintiffs Loren and Valerie Kruesi against Defendant Linn County*

24.

All preceding paragraphs are incorporated by reference herein.

25.

Defendant Linn County's sheriff's office was on notice that its narcotics detectives had obtained search warrants based on information that was inaccurate and unreliable, including incorrect and outdated information from OMMP.

26.

Defendant Linn County was deliberately indifferent when it failed to provide adequate training to its narcotics detectives on how to conduct marijuana investigations that preserve the constitutional rights of persons protected by the Oregon Medical Marijuana Act.

27.

As a result, Mr. and Mrs. Kruesis' Fourth Amendment rights were violated when a search warrant was executed at 35871 Jefferson Scio Drive on September 12, 2012 based on untrue and incomplete information about Plaintiff's property.

///

///

**Plaintiffs' Fifth Amended Complaint**
Page 5

28.

To remedy this violation, the Kruesis seek noneconomic damages as well as equitable relief.

### Fourth Claim for Relief:
### 42 USC § 1983 Fourth Amendment Unreasonable Search And Seizure Claim Based on Warrant Lacking Particularity
*By Plaintiffs Loren and Valerie Kruesi against Defendants Davis, Snippen, and Campbell*

29.

All preceding paragraphs are incorporated by reference herein.

30.

Acting under color of law, Defendants conducted a search and seizure of the Kruesis' property even though they knew or should have known that the warrant lacked particularity because there were multiple residences and growers on the property. The warrant only described one residence and did not indicate who lived there or whether they were a grower.

31.

As a result of this invalid warrant, Mr. and Mrs. Kruesi suffered economic and noneconomic damages.

### Damages

43.

Mr. and Mrs. Kruesi suffered emotional distress, shock, humiliation, and stress.

44.

Mr. Kruesi is entitled to the value of the marijuana and/or marijuana plants seized.

### Attorney Fees and Costs

45.

Plaintiffs are entitled to attorney fees and costs pursuant to 42 USC § 1988.

**Plaintiffs' Fifth Amended Complaint**
Page 6

KIRKLIN THOMPSON & POPE LLP
1000 SW Broadway, Suite 1616, Portland, OR 97205-3035
(TEL) 503-222-1640   (FAX) 503-227-5251   www.ktp-law.com

## Jury Demand

46.

Plaintiffs demand a jury trial.

## Prayer for Relief

WHEREFORE Plaintiffs pray for judgment as follows:

1. Against all Defendants, noneconomic damages in the amount of $80,000 for emotional distress;

2. Against all Defendants, economic damages in the amount of $39,000 for the value of the marijuana and/or marijuana plants seized from Plaintiff Loren Kruesi and destroyed or not returned by Defendants;

3. Against Linn County, permanently enjoining law enforcement from using information obtained from OMMP to procure and execute warrants unless the program verifies the particular information law enforcement seeks is up to date and includes accurate data on pending applications on both the date the warrant is sought and the date it is executed;

4. Against all Defendants, Plaintiffs' costs, disbursements, attorney fees, and such other and further relief as the Court deems just and equitable.

Dated: April 10, 2015

Respectfully submitted,

KIRKLIN THOMPSON & POPE LLP

_____
Kristen Chambers OSB 130882

Attorneys for Plaintiffs
Loren and Valerie Kruesi

**Plaintiffs' Fifth Amended Complaint**
Page 7

KIRKLIN THOMPSON & POPE LLP
1000 SW Broadway, Suite 1616, Portland, OR 97205-3035
(TEL) 503-222-1640   (FAX) 503-227-5251   www.ktp-law.com

## Certificate of Service

I certify that on April 10, 2015, I caused to be served a copy of the foregoing

**Plaintiffs' Fifth Amended Complaint** by CM/ECF and mail on the following person:

Gerald L. Warren
Law Office of Gerald Warren
901 Capitol St. NE
Salem, OR 97301
gwarren@geraldwarrenlaw.com

      Attorneys for Defendants
      Linn County, Bruce Davis,
      David Snippen, and Rick
      Campbell

_____
Kristen Chambers

**Certificate of Service**

KIRKLIN THOMPSON & POPE LLP
1000 SW Broadway, Suite 1616, Portland, OR 97205-3035
(TEL) 503-222-1640   (FAX) 503-227-5251   www.ktp-law.com